**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISMAEL ROMAN, AS** | : | **CIVIL ACTION** |
| **ADMINISTRATOR OF THE** | : | |
| **ESTATE OF NAYELIS RUIZ** | : | |
| **ROMAN, et al.,** | : | |
| Plaintiffs | : | **NO. 10-1437** |
| | : | |
| **v.** | : | |
| | : | |
| **LANCASTER GENERAL** | : | |
| **HOSPITAL, et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                 **July 29, 2010**

This negligence action arises from the death of Nayelis Ruiz Roman on February 27, 2008 at the Children's Hospital of Philadelphia. She was eleven days old. Ismael Roman, as Administrator of the Estate of Nayelis, and Yadira Roman and Carlos Ruiz, as her parents, bring claims for negligence, wrongful death, survival, and negligent infliction of emotional distress against several doctors, Southeast Lancaster Health Services, Inc., and Lancaster General Hospital.

Dr. Johnsen-Martin, Dr. Eash-Scott, and Southeast Lancaster Health Services, Inc., filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting they are shielded from individual liability by the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. They claim they fall under its scope by operation of the Public Health Service Act, 42 U.S.C. § 233, which provides the exclusive remedy for civil claims against federally

funded public or non-profit private entities and their employees pursuant to the FTCA. See 42 U.S.C. § 233(a),(g). Because they assert special status as federal employees, I will refer to the two doctors and Southeast Lancaster Health Services as the "federal defendants."[1] The federal defendants also seek to substitute the United States as a party defendant in their stead and to dismiss the claims against the United States without prejudice given the jurisdictional mandates of the FTCA. The plaintiffs oppose the motion in its entirety and dispute whether the federal defendants are entitled to federal employee immunity under the FTCA. Alternatively, in the event the FTCA does govern, the plaintiffs seek to invoke the Act's savings provision, 28 U.S.C. § 2675(d)(5), to rescue their administrative claim from the express two year statute of limitations.

---

[1] The remaining defendants are Lancaster General Hospital, Lancaster General Health, Lancaster General Women & Babies Hospital, Daniel I. Weber, M.D., and Lancaster General Family and Maternity Care. Because the motion does not pertain to these defendants, they are not discussed.

# I. BACKGROUND[2]

Nayelis Ruiz Roman was born on February 16, 2008 at Lancaster General Women & Babies Hospital and passed away at the Children's Hospital of Philadelphia on February 27, 2008. Pls. Ex. A ¶¶ 4-5. Ms. Roman received prenatal care at Southeast Lancaster Health Services beginning on September 18, 2007. Ms. Roman's care started with prenatal visitations, continued through her admittance to obstetric triage at Lancaster General Women & Babies Hospital on February 15, 2008, and concluded with Nayelis's birth the following day. Id. ¶ 33. The plaintiffs assert that, from Ms. Roman's initial admittance to obstetric triage through the birthing process and the delivery of Nayelis, Dr. Johnsen-Martin and Dr. Eash-Scott, acting as agents of Southeast Lancaster Health Services, provided negligent medical evaluation, care and treatment to Ms. Roman and Nayelis. Id. ¶¶ 18, 31-111. Specifically, they allege the doctors unduly delayed and negligently performed the delivery, causing Nayelis's injury and death by hypoxic ischemic brain injury. Id. ¶¶ 126-130.

The plaintiffs filed a complaint in the Court of Common Pleas of Lancaster

---

[2] The facts herein are taken from the plaintiffs' complaint. I note that for 12(b)(1) purposes, I am not required to accept the facts as alleged by the plaintiffs, because the defendants are attacking the factual basis for subject matter jurisdiction. See Turicentro v. Am. Airlines, 303 F.3d 293, 300 n.4 (3d Cir. 2002) ("[A] trial court considering a factual attack [under 12(b)(1)] accords plaintiff's allegations no presumption of truth."); see also Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000) ("Because the government's challenge to the District Court's jurisdiction was a factual one under Fed. R. Civ. P. 12(b)(1), we are not confined to the allegations in the complaint (nor was the District Court) and can look beyond the pleadings to decide factual matters relating to jurisdiction.").

County, Pennsylvania on December 30, 2009.[3]  On March 31, 2010, the federal

defendants removed this action to the Eastern District of Pennsylvania pursuant to 42

U.S.C. § 233(c), 28 U.S.C. §§ 1441(a) and 2679(d)(2).  By virtue of the Federally

Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(a),(g), the federal defendants

apparently fall under the Federal Tort Claims Act.  The federal district courts possess

original jurisdiction over claims under the FTCA.  28 U.S.C. § 1346.  On April 1, 2010,

the federal defendants filed this motion to dismiss, arguing the plaintiffs have not

complied with the jurisdictional prerequisites of the FTCA.  The plaintiffs filed an

administrative claim with the United States Department of Health and Human Services on

April 12, 2010 but have not received written notice of denial.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(1)[4] of the Federal Rules of Civil Procedure

either challenges the complaint on its face for failure to allege subject matter jurisdiction

or challenges the court's jurisdiction in fact.  See Robinson v. United States, No. 92-4869,

---

[3] Pls.' Ex. A (No. CI-09-19097).

[4] The federal defendants filed their motion under Rule 12(b)(1); however, the plaintiffs'
reply memorandum sought the application of Rule 12(b)(6) standards.  Title 28 section 1346(b) is
jurisdictional in nature, thus I will apply Rule 12(b)(1) as to the substitution of the United States
as a defendant.  The Third Circuit has held that a "district court may rule on a 12(b)(1) motion
when on the face of the pleadings it is clear that administrative remedies have not been
exhausted. . . ."  Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  It is facially apparent
that administrative remedies have not been exhausted, so I will make the entire inquiry under
Rule 12(b)(1).

92-6175, 1993 U.S. Dist. LEXIS 3161, *2 (E.D. Pa. Mar. 16, 1993) (citing <u>Kronmuller v. West End Fire Co. No. 3</u>, 123 F.R.D. 170, 172 (E.D. Pa. 1988). Here, the federal defendants substantively question the court's jurisdiction, so "the court need not accept all plaintiff[s'] allegations as true." <u>Robinson</u>, 1993 U.S. Dist. LEXIS 3161, at * 2; <u>see also</u> <u>Mortensen v. First Fed. Savings and Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977) ("No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims."). In deciding a Rule 12(b)(1) motion, the court may consider facts distinct from the pleadings. <u>See</u> <u>Mortensen</u>, 549 F.2d at 891; <u>accord</u> <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1021 (3d Cir. 1997). The plaintiffs, as the party asserting jurisdiction, bear the burden of proof. <u>See</u> <u>Dev. Fin. Corp. v Alpha Hous. & Health Care</u>, 54 F.3d 156, 158 (3d Cir. 1995).

## III. DISCUSSION

### A. THE FEDERAL TORT CLAIMS ACT

#### 1. SOVEREIGN IMMUNITY

The United States enjoys immunity from suit except in the situations where it consents to be sued. <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 475 (1994); <u>Loeffler v. Frank</u>, 486 U.S. 549, 554 (1988). Jurisdictional in nature, sovereign immunity requires express waiver by Congress as a precondition for a court to maintain suit against

the federal government.  <u>Meyer</u>, 510 U.S. at 475; <u>see also</u> <u>United States v. Mitchell</u>, 463

U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its

consent and that the existence of consent is a prerequisite for jurisdiction.").  The terms of

the United States' "consent to be sued in any court define that court's jurisdiction to

entertain the suit."  <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941).

### 2. THE FEDERAL TORT CLAIMS ACT

The Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*, constitutes an express

waiver of sovereign immunity and exposes the United States and its agencies to potential

liability for private actions sounding in tort.  <u>See</u> <u>Pascale v. United States</u>, 998 F.2d 186,

189 (3d Cir. 1993).  The FTCA allows suit against the federal government for the

negligent acts of its employees "under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the

act or omission occurred."  28 U.S.C. § 1346(b)(1); <u>see</u> <u>also</u> <u>Pascale</u>, 998 F.2d at 187

("The [FTCA], enacted in 1946, permits the government to be sued for the negligence of

its employees under the same circumstances and to the same extent as a private party.").

The district courts have "*exclusive jurisdiction* of civil actions on claims against

the United States, for money damages . . . for injury or loss of property, or personal injury

or death caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment" if the United

States would be liable as a private party under the same circumstances.  28 U.S.C. §

6

1346(b)(1) (emphasis added);[5] see also Meyer, 510 U.S. at 479 ("[Section] 1346(b) describes the scope of jurisdiction by reference to claims for which the United States has waived its immunity and rendered itself liable.").  Further, the FTCA provides the sole remedy for tort claims cognizable under § 1346(b).  See Meyer, 510 U.S. at 476.  The FTCA remedy is "*exclusive* of any other civil action or proceeding for money damages . . . against the employee whose act or omission gave rise to the claim."  28 U.S.C. § 2679(b)(1) (emphasis added).[6]

### 3. The Public Health Service Act

The federal defendants contend they are employees of the Public Health Service

---

[5] 28 U.S.C. § 1346(b)(1).
> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

[6] 28 U.S.C. § 2679. Exclusiveness of remedy.
> (b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.* . . .

28 U.S.C. § 2679(b)(1) (emphasis added).

pursuant to the Public Health Service Act. See Fed. Defs.' Mot. Dismiss 2; see also 42

U.S.C. §233(g).[7] Under the Public Health Service Act, 42 U.S.C. § 233, "the exclusive

remedy against the United States 'for damage for personal injury, including death,

resulting from the performance of medical, surgical, dental, or related functions . . . by

any commissioned officer or employee of the Public Health Service while acting within

the scope of his office or employment' shall be pursuant to the [FTCA]." Wilder v.

Luzinksi, 123 F. Supp. 2d 312, 313 (E.D. Pa 2000) (quoting 42 U.S.C. § 233(a)).[8]

---

[7] Title 42 U.S.C. § 233(g) provides in relevant part:
> (1)(A) [A]n entity described in paragraph (4), [a public or non-profit private entity receiving Federal funds under section 330,] and any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner (subject to paragraph (5)), shall be deemed to be an employee of the Public Health Service . . . . The remedy against the United States for an entity . . . and any officer, governing board member, employee, or contractor . . . of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a).

42 U.S.C. § 233(g)(1)(A).

[8] 42 U.S.C. § 233(a). Exclusiveness of remedy.
> The remedy against the United States provided by sections 1346(b) and 2672 of title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

8

## B. SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

Due to the exclusiveness of the remedy under the FTCA and its jurisdictional prerequisites, a court may not entertain civil suit for a claim cognizable under § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Meyer, 510 U.S. at 476. Section 2679(d) empowers the Attorney General to certify that a "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Upon certification by the Attorney General, the civil suit or proceeding "*shall* be deemed an action against the United States . . . and the United States *shall* be substituted as the party defendant." Id. (emphasis added); see also Schrob v. Catterson, 967 F.2d 929, 934 (3d Cir. 1992) (citing United States v. Smith, 499 U.S. 160, 163 (1991)).

In order to fall within the purview of the FTCA, thus mandating the substitution of the United States, a defendant must be both an "employee of the Government" and "acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). At issue here is only whether the federal defendants were actually employees of the Government at the time of the complained-of negligence.[9]

---

[9] The plaintiffs allege, in a conclusory manner, that there exist "many factual issues regarding [the federal defendants'] federal status throughout the entirety of the factual scenario in this matter." They do not articulate a scope of employment challenge; accordingly, I will direct my inquiry only into whether the federal defendants were federal employees at the pertinent times.

The plaintiffs appear to argue that they are entitled to further discovery because two of the federal defendants – Dr. Johnsen-Martin and Dr. Eash-Scott – may not be federal employees for the purposes of the FTCA.  See Pls.' Mot. Opp'n to Defs.' Mot. Dismiss 5.  First, the plaintiffs argue that they "did not know and had no way of knowing that [the federal] defendants had any connection to the federal government."  Id.  Second, the plaintiffs represent that "it is believed, at the time of much of the negligence, Dr. Johnsen[-Martin] and Dr. Eash[-Scott] were working at Lancaster General Hospital, not Southeast Lancaster Health Services."  Id.

The plaintiffs' first allegation is without merit, as the validity of the federal defendants' status as federal employees does not turn on whether the plaintiffs were in a position to have knowledge of the federal defendants' connection to the government.  See 28 U.S.C. § 2679(b)(1).  Plaintiffs cite no authority suggesting the federal defendants have a duty to notify the plaintiffs of the United States' involvement.  See Pls.' Mot. Opp'n to Defs.' Mot. Dismiss 5.  To the contrary, it is well-established that a plaintiff, once aware of injury, is on notice of an affirmative duty to investigate the identities of those who may be liable to him.  See United States v. Kubrick, 444 U.S. 111, 122-124 (1979); accord Zeleznik v. United States, 770 F.2d 20, 22 (3d Cir. 1985) ("In most cases, when a person learns of his injury, he is on notice that there is an invasion of his legal rights, and that he should determine whether another may be liable to him."); Shick v. Uberti, No. 08-0254, 2008 U.S. Dist. LEXIS 27166, *2-3 (W.D. Pa. Apr. 3, 2008);

Streeper v. United States, No. 87-2675, 1988 U.S. Dist. LEXIS 6468, *18 n.10 (E.D. Pa. July 1, 1988) ("[I]t is the plaintiff's duty to seek legal advice and discover the nature of his claim.").

Contrary to the plaintiffs' second contention, it is clear from the record that Dr. Johnsen-Martin and Dr. Eash-Scott were employees of the federal government at all relevant times. Lancaster General Hospital submitted a memorandum with the express purpose of correcting the plaintiffs' misconception that either of the federal defendant doctors "[a]t all times relevant to the care at issue" were "employees, actual agents, apparent agents, ostensible agents, or servants of any of the Lancaster General Defendants."[10] Mem. Law Supp. Resp. Fed. Defs.' Mot. Dismiss 3. The Lancaster General defendants also confirm that Dr. Johnsen-Martin and Dr. Eash-Scott were "employed by and/or agents of Defendant Southeast Lancaster Health Services." Id. Additionally, the Attorney General of the United States, pursuant to 42 U.S.C. § 233($l$)(1),[11] certified that each of the federal defendants is an employee of the Public

_____

[10] Lancaster General Hospital is a named defendant in this suit. Joining Lancaster General Hospital in submitting the Memorandum of Law in Support of Response to federal defendants' Motion to Dismiss and referred to as the "Lancaster General defendants" are Lancaster General Health, Lancaster General Women & Babies Hospital and Lancaster General Family and Maternity Care. See Mem. Law Supp. Resp. Fed. Defs.' Mot. Dismiss.

[11] 42 U.S.C. § 233 (_l_) Timely response to filing of action or proceeding.
    (1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a), the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court

Health Service with respect to all acts or omissions alleged in the plaintiffs' complaint.[12]

See 28 U.S.C. § 2679(d)(1); Pls. Ex. B.[13]

There is no palpable dispute whether the federal defendants were federal employees under FTCA. The plaintiffs set forth no facts indicating the federal defendants were inappropriately deemed federal employees. I find Dr. Johnsen-Martin, Dr. Eash-Scott and Southeast Lancaster Health Services were employees of the Public Health Service and thus federal employees at all times relevant to this action. I will deny the

---

> and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.

42 U.S.C. § 233 (*l*)(1).

[12] United States Attorney Michael L. Levy issued the certification in this case. The Attorney General has delegated her certification authority to the United States Attorneys. See 28 C.F.R. § 15.1; 28 C.F.R. § 15.3.

[13] The "Notice of Determination that Certain Defendants are Deemed to be Employees of the Public Health Service" states:
> PLEASE TAKE NOTICE THAT, pursuant to 42 U.S.C. § 233(I)(1), the Attorney General of the United States, by and through his designee, Michael L. Levy, United States Attorney for the Eastern District of Pennsylvania, has determined that defendant [sic] Southeast Lancaster Health Services, Kristen Johnsen-Martin, M.D., and Rachel A. Eash-Scott, M.D., are deemed to be employees of the Public Health Service with respect to the actions or omissions that are the subject of the above-captioned action.

Pls. Ex. B.

plaintiffs' request for discovery.

Similarly, I find that there is no need for discovery as to whether the federal defendants were acting within the scope of their employment at all relevant times. In Schrob v. Catterson, the United States Court of Appeals for the Third Circuit set out a metric for determining when discovery[14] is required to determine if a federal employee's acts or omissions were conducted in the scope of employment:

> The scope certification is prima facie evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive. Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it. If the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion to substitute or to set aside the substitution based on the certification, pleadings, documentary evidence, and affidavits. In the event that a substitution is set aside, the defendant may probably appeal under the collateral order doctrine.
> . . .
> On the other hand, if there is a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary. But the district court should ensure that both the discovery and the hearing are circumscribed as narrowly as possible, although these are matters within its discretion.

Schrob, 967 F.2d at 936.

The plaintiffs have not challenged whether the federal defendants were acting

---

[14] Schrob also presents the standard for determining whether an evidentiary hearing is necessary; however, for the sake of clarity and because the plaintiffs only request to be "permitted to conduct discovery," I will confine my inquiry to discovery. See Schrob, 967 F.2d at 936; see also Pls.' Mot. Opp'n to Defs.' Mot. Dismiss 5.

within the scope of their employment, nor have they alleged any specific facts rebutting the Attorney General's certification. It is clear for the reasons set forth above, as well as from the allegations in the plaintiffs' complaint, that the federal defendants were acting within the scope of their employment as employees of the United States at all times.[15] The federal defendants satisfy the preconditions for immunity under § 2679(b)(1), and "the only proper defendant in an FTCA claim is the United States." Williams v. Kunz, No. O6-3072, 2008 U.S. Dist. LEXIS 25891, *6 (E.D. Pa. Mar. 31, 2008); see also 28 U.S.C. § 2679(d)(1). I will grant the federal defendants' motion to dismiss all claims against them with prejudice. I will also substitute the United States as a defendant.

### C. DISMISSAL OF CLAIMS AGAINST THE UNITED STATES[16]

#### 1. ADMINISTRATIVE EXHAUSTION REQUIREMENT

Before filing suit in federal court under the FTCA, a claimant must comply with the Act's exhaustion requirement: a claim must first be presented to the appropriate federal agency and be "finally denied." 28 U.S.C. § 2675(a);[17] see also Lightfoot v.

---

[15] The plaintiffs clearly allege in their complaint that "[Dr. Eash-Scott and Dr. Johnsen-Martin] provided medical evaluation, care, and treatment to Yadira Roman and Nayelis Ruiz Roman, while acting [within] the scope of their employment, master-servant, or agency relationship with Southeast Lancaster Health Services, Inc." Pls.' Ex. A ¶ 18.

[16] As I have dismissed the claims against the federal defendants and substituted the United States as party defendant, the requirements of 28 U.S.C. § 2675 now apply.

[17] 28 U.S.C. § 2675(a) provides that:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission

United States, 564 F.3d 625, 626 (3d Cir. 2009).  "Final denial" occurs when the agency

denies the claim or fails to resolve it within six months.  28 U.S.C. § 2675(a).  In 1966,

Congress amended the FTCA to include the exhaustion requirement so as to afford the

pertinent federal agency "a fair opportunity to investigate and possibly settle the claim

before the parties must assume the burden of costly and time-consuming litigation."

McNeil v. United States, 508 U.S. 106, 111-112 (1993).[18]  The exhaustion requirement is

"jurisdictional and cannot be waived."  Bialowas v. United States, 443 F.2d 1047, 1049

(3d Cir. 1971); see also  Lightfoot, 564 F.3d at 627.  The language of § 2675(a) "is clear

that a court does not have jurisdiction before administrative remedies have been

exhausted, and a court *must dismiss any action* that is initiated prematurely."  Wilder 123

_____

> of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

28 U.S.C. § 2675(a).

[18] The 89th Congress' Senate Judiciary Committee provided insight as to the intent behind the introduction of the exhaustion requirement:

> This procedure would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. That agency would have the best information concerning the activity which gave rise to the claim. Since it is the one directly concerned, it can be expected that claims which are found to be meritorious can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation.

S. Rep. No. 1327, 89th Cong., 2d Sess., 3 (1966).

F. Supp. 2d at 313 (emphasis added) (citing McNeil, 508 U.S. at 111; Wujick v. Dale &

Dale, Inc., 43 F.3d 790, 793-794 (3d Cir. 1994) ("[T]he United States Supreme Court, in

interpreting the exhaustion provision of the Federal Tort Claims Act, firmly rejected the

'no harm, no foul' reasoning and held that here Congress has imposed an administrative

exhaustion requirement by statute, the exhaustion of those procedures is mandatory.")).

The plaintiffs failed to present their negligence claims to the appropriate federal

agency and to receive final denial, as required by § 2675(a), prior to instituting suit.[19]  The

plaintiffs acknowledge that they have not exhausted their administrative remedies and did

not initiate administrative action by filing a Standard Form 95 with the United States

Department of Health and Human Services until April 12, 2010.  See Pls.' Mot. Opp'n to

Defs.' Mot. Dismiss 6.  The plaintiffs also acknowledge that they filed suit prior to a

denial by the Department of Health and Human Services, and six months have not yet

elapsed since April 12, 2010.  See id.  Because the plaintiffs prematurely filed suit before

_____

[19] Although the plaintiffs initially filed their complaint in the Court of Common Pleas of
Lancaster County, Pennsylvania, and the federal defendants subsequently removed it to District
Court, this does not exempt them from complying with the administrative exhaustion
requirement of § 2675(a).  See McNeil, 508 U.S. at 112 ("The most natural reading of the statute
indicates that Congress intended to require complete exhaustion of Executive remedies before
invocation of the judicial process. Every premature filing of an action under the FTCA imposes
some burden on the judicial system[.]").  It is consistent with the Congressional intent in
amending the FTCA to require that "all claims [] be presented to the appropriate agency for
consideration and settlement before a court action [can] be instituted."  Id. at 112 n.7; see e.g.,
Knight v. United States, No. 08-1268, 2008 U.S. Dist. LEXIS 83484, * 6-8 (M.D. Pa. Oct. 20,
2008); Wilder, 123 F. Supp. 2d at 313 (dismissing an action, originally filed in state court and
subsequently removed to district court, as being prematurely filed because the plaintiff had yet to
exhaust her administrative remedies); Okupinski v. Wilson, No, 89-6156, 1989 U.S. Dist. LEXIS
14878, * 2-5 (E.D. Pa. Dec. 12, 1989).

exhausting their administrative remedies, this court lacks jurisdiction to entertain the

FTCA claims, and I will grant the federal defendants' motion to dismiss the claims

against the United States without prejudice.

## 2. TIME BARS FOR COMMENCING AN ACTION AGAINST THE UNITED STATES

I am dismissing without prejudice all the claims against the United States. This

does not foreclose the possibility of future compliance with the administrative denial

requirement. A claimant must abide by the strict time requisites codified in 28 U.S.C. §

2401(b) or its tort claim under the FTCA will be "forever barred."[20] See Bialowas, 443

F.2d at 1049. In order to sue the United States in District Court and avoid violating the

FTCA's express statute of limitations, a tort claim must be "presented in writing to the

appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C.

§2401(b); see also Bialowas, 443 F.2d at 1049. Section 2401's "time bar is strictly

construed." Brown v. Camden County Counsel, No.10-1098, 2010 U.S. App. LEXIS

9826, *6 (3d Cir. May 13, 2010) (citing Livera v. First Nat. State Bank of N.J., 879 F.2d

1186, 1195 (3d Cir. 1989)).

There is no dispute here as to when the claim accrued: Nayelis Ruiz Roman was

---

[20] 28 U.S.C. §2401(b) states:
> [A] tort claim against the United States shall be forever barred unless
> it is presented in writing to the appropriate Federal Agency within
> two years after such claim accrues or unless action is begun within six
> months after the date of mailing, by certified or registered mail, of
> notice of final denial of the claim by the agency to which it was
> presented.

delivered on February 16, 2008.[21]  See Pls.' Ex. A ¶¶ 30-115; see also Pls.' Ex. C (citing

2/15/2008 and 2/16/2008 as the "date and day of accident").  There is also no question,

and the plaintiffs acknowledge, that they did not present their administrative claim to the

United States Department of Health and Human Services until April 12, 2010.  See Pls.'

Mot. Opp'n to Defs.' Mot. Dismiss 6; see also Pls.' Ex. C.  The plaintiffs only had until

February 16, 2010 to file their administrative claim, so more than two years have elapsed

between the undisputed date the claim accrued and the date on which the plaintiffs first

sought administrative relief.  At first glance, it seems that the plaintiffs' tort claims

against the United States should be "forever barred" under § 2401(b) of the FTCA.  See

Bialowas, 443 F.2d at 1049.

To ameliorate the harsh effects of dismissal mandated by the strict time limitations,

Congress amended the FTCA in 1988.  See Santos v. United States, 559 F.3d 189, 193

(3d Cir. 2009); see also Okupinski, 1989 U.S. Dist. LEXIS 14878, at *5.  In the 1988

amendment, the Westfall Act added "a clause that saves from being barred by the statute

of limitations certain timely claims filed in the wrong forum, such as in a state or federal

court rather than with the appropriate administrative agency."  Santos, 559 F.3d at 193.

Section 2679(d)(5) provides that an administrative claim will be considered timely under

---

[21] The complaint alleges that the purportedly negligent medical care provided by the
federal defendants began February 15, 2008 and continued through the next day, February 16,
2008, when Nayelis was delivered. See Pls.' Ex. A ¶¶ 30-115.  Neither party has challenged the
date, so February 16, 2008 will be considered the date the claim accrued.

§ 2401 if "the claim would have been timely had it been filed on the date the underlying civil action was commenced" and "is presented to the appropriate Federal agency within 60 days after dismissal of the civil action."[22] 28 U.S.C. 2679(d)(5); see also Okupinski, 1989 U.S. Dist. LEXIS 14878, at *5.

The plaintiffs fall under this provision, and their administrative claim is effectively rescued from being time-barred under § 2401(b). The plaintiffs filed their claim in the Lancaster County Court of Common Pleas on December 30, 2009. See Pls.' Ex. A. This date falls before February 16, 2010, which marked two years after the accrual date of their claim. Therefore, plaintiffs' original action would have been timely had it been filed with the relevant federal agency on December 30, 2009.

The plaintiffs have promptly filed a Standard Form 95[23] with the United States

---

[22] 28 U.S.C. § 2679(d)(5) provides:
> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if–
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after the dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

[23] It is not before this court, so I will not opine on the sufficiency of the administrative claim; however, it is worth noting that an administrative claim is only "presented" when an executed SF-95 and a claim for money damages in a sum certain are received by the governmental agency." Jones v. United States, No. 08-4882, 2010 U.S. App. LEXIS 3791, *6 (3d Cir. Feb. 23, 2010). The Department of Justice has also promulgated 28 C.F.R. § 14.2(a) which sets out the requirements of presenting a claim:

Department of Health and Human Services.  See Pls.' Ex. C.  Thus, my dismissal of their

claims against the United States without prejudice does not foreclose possibility of future

district court action given compliance with the final denial mandate.[24]

## IV. OTHER CLAIMS

I am dismissing all of the claims against the federal defendants and the United

States over which this court has original jurisdiction.  The only remaining claims are state

tort claims against the other defendants.  I will decline to exercise supplemental

jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and consequently remand the case to

afford the plaintiffs an opportunity for appropriate disposition of those claims before the

Court of Common Pleas of Lancaster County, Pennsylvania.

## V. CONCLUSION

Because the evidence before the court confirms the federal defendants are federal

---

> [A] claim shall be deemed to have been presented when a Federal
> agency receives from a claimant . . . an executed Standard Form 95
> or other written notification of an incident, accompanied by a claim
> for money damages *in a sum certain* for injury to or loss of property,
> personal injury, or death alleged to have occurred by reason of the
> incident . . . .

28 C.F.R. § 14.2(a).

[24] Plaintiffs must be mindful of the time bar contained in § 2401(b) requiring a claimant, upon written receipt of a notice of final denial by the appropriate agency, to refile its tort claim within *6 months* or have it "forever barred."  28 U.S.C. § 2401(b); see also Pascale, 998 F.2d at 193 (holding the "six-month statute of limitations in *section 2401(b)* for filing suit after a final agency denial does not apply to plaintiff's filing of a complaint under *section 2675(a)* after six months of agency inaction").

employees for purposes of the Federal Tort Claims Act, I will grant the federal defendants' motion to dismiss the claims against them with prejudice and to substitute the United States as a defendant in their stead. I will also grant the motion to dismiss the claims against the United States without prejudice, because the plaintiffs have admittedly not exhausted their administrative remedies as required by the FTCA.

Finally, I will remand the state claims against the remaining defendants, as there no longer exist grounds for independent federal jurisdiction.

An appropriate Order follows.